## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VICTORIA KECK-DELAPAZ, | CIVIL ACTION NO.: |
| Plaintiff | |
| v. | JURY TRIAL DEMANDED |
| PETCO ANIMAL SUPPLIES, INC., d/b/a PETCO, | |
| Defendant | |

## COMPLAINT

Plaintiff, VICTORIA KECK-DELAPAZ, a resident of York County, Pennsylvania, by and through her attorneys, brings this civil action for damages against the above named Defendant, PETCO ANIMAL SUPPLIES, INC., d/b/a PETCO, demands a trial by jury, and complains and alleges as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of the claims set forth in this Complaint is proper in this judicial district pursuant to the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.* (the "FMLA"), the Americans with Disabilities Act, as amended, 42 U.S.C. §12101, *et seq.* (the "ADAAA"), and 28 U.S.C. §§1331, 1343 and 1367.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this judicial district.

## THE PARTIES

3. Plaintiff, Victoria Keck-Delapaz ("Victoria"), is an adult individual residing at 1101 Lindham Court, #304, Mechanicsburg, Cumberland County, Pennsylvania.

4. Defendant, Petco Animal Supplies, Inc., d/b/a Petco ("Defendant"), is a corporation organized under the laws of Delaware with its headquarters located at 10850 Via Frontera, San Diego, California, 92127, which at all times relevant and material to the allegations in the Complaint maintained a business location at 6146 Carlisle Pike, #300, Mechanicsburg, Cumberland County, Pennsylvania.

5. At all times relevant and material hereto, Defendant operated in the business of selling pet and animal supplies and providing dog training, and was an employer as defined in the ADAAA.

## ADMINISTRATIVE PROCEEDINGS

6. On or about August 28, 2015, Plaintiff filed a Complaint with the Equal Employment Opportunity Commission ("EEOC"), which was docketed as Case No. 530-2015-03640, with instruction to be cross-filed by the EEOC with the

Pennsylvania Human Relations Commission ("PHRC") for purposes of being dual filing with the PHRC.

7. Plaintiff has been advised of her right to sue in federal court, which notice was received on or about July 31, 2017.

8. All necessary and appropriate administrative prerequisites to this action have occurred.

## STATEMENT OF FACTS

9. Victoria was hired by Defendant as a Sales Associate in or about 2010 at its retail location Store #1891 in Mechanicsburg, Pennsylvania.

10. In or about March 2012, Victoria was made a Dog Trainer Mentor and was subsequently promoted to Senior Dog Trainer in October 2014, which position she held until her constructive termination on or about November 6, 2015.

11. At the time of her hire, Victoria notified Defendant that she suffered from epilepsy, as a result of which, she was subject to seizures.

12. On or about September 27, 2013, Victoria first requested FMLA leave to undergo a surgery for the implantation/placement of a vagus nerve stimulator, which is designed to assist in the control and/or limitation of seizures.

13. On or about February 3, 2015, Victoria requested intermittent FMLA leave to allow her time off in the event of seizures and physician's appointments related to the treatment thereof. This request was subsequently approved.

14. Victoria used her FMLA leave as necessary, properly notifying Defendant when she would not be able to work due to her condition.

15. Defendant's General Manager, Cassy Burk, regularly threatened Victoria with termination when Victoria would call in to report an FMLA-related absence, telling Victoria that:

   a. Victoria was accruing points under Defendant's absence system;

   b. Victoria was not allowed to call off and was only allowed a certain amount of time off;

   c. Victoria's clients (trainees) would be passed to other Dog Training Mentors; and

   d. Victoria was risking discipline and/or termination.

16. On or about October 2, 2015, Victoria experienced a grand mal seizure and was unable to report to work that day.

17. Defendant subsequently suspended Victoria for one or two days for calling off work on October 2, 2015.

18. As a result of this suspension, Victoria complained via telephone and email to Defendant's Human Resources department on or about October 4, 2015, alleging interference with her FMLA rights and discriminatory conduct falling within the purview of the EEOC.

19. Rather than submit to this constant disability-related discrimination, Victoria resigned her position on or about November 6, 2015.

20. At the time of her resignation, Victoria had accrued seven (7) attendance points.

21. Upon information and belief, Defendant's attendance system prescribes termination upon an employee accruing eleven (11) attendance points.

22. Defendant's discrimination based upon Victoria's actual disability, record of a disability, and/or perceived disability and her use of FMLA leave, including her constructive termination, violated Victoria's rights under the FMLA, the ADAAA, and the Pennsylvania Human Relations Act ("PHRA"), 42 P.S. § 951, *et seq*.

## COUNT I

### Violation of the FMLA – Interference with FMLA Rights

23. All prior paragraphs are incorporated herein as if set forth fully below.

24. Victoria had the right under the FMLA to twelve weeks of leave in a fifty-two week period because of her serious health condition.

25. The FMLA prohibits an employer from retaliating against an employee for exercising her FMLA rights.

26. Defendant violated Victoria's FMLA rights by constructively terminating her because she had exercised her FMLA rights to take leave as a result of her condition(s).

27. Defendant's FMLA violation was willful because Defendant either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the FMLA.

WHEREFORE, Plaintiff, Victoria Keck-Delapaz, seeks judgment in her favor and against Defendant, Petco Animal Supplies, Inc., d/b/a Petco, for (a) backpay and benefits; (b) reinstatement and/or front pay and benefits in lieu of reinstatement; (c) interest on her monetary losses at the prevailing rate; (d) liquidated damages; (e) attorneys' fees and costs; and (f) such legal and/or equitable relief as allowed by law.

## COUNT II

### Violations of the ADAAA - Discrimination

28. All prior paragraphs are incorporated herein as if set forth fully below.

29. Victoria is within the protective class of individuals as designated by the ADAAA because she was disabled, had a record of a disability, and/or was perceived by Defendant to be disabled as a result of her epilepsy and seizures.

30. Victoria was able to perform the essential functions of her job with or without a reasonable accommodation.

31. The ADAAA prohibits employers from discriminating against employees because of a disability, a record of a disability, and/or a perceived disability.

32. Defendant violated the ADAAA and committed illegal discrimination by terminating Victoria because she missed work multiple times as a result of having seizures.

33. The illegal discrimination is based on whole or in part upon Victoria's disability, record of a disability, and/or perceived disability.

34. As a direct and proximate result of the conduct of Defendant in violating the ADAAA by discriminating against Victoria on the basis of her disability, record of a disability, and/or perceived disability, Victoria has been permanently and irreparably harmed and damaged and has and will continue to lose benefits of employment such as lost earnings, lost employment benefits, and non-economic damages in the form of embarrassment, humiliation, and anxiety.

WHEREFORE, Plaintiff, Victoria Keck-Delapaz, respectfully requests that this Honorable Court declare the conduct engaged in by Defendant, Petco Animal Supplies, Inc., d/b/a Petco, to be a violation of her rights under the ADAAA, and award all compensatory damages, lost wages (and raises) and benefits, front pay and back pay, lost future earning capacity, liquidated damages for intentional, willful, malicious, reckless, outrageous conduct, damages for emotional distress,

punitive damages, reasonable attorneys fees and costs incurred herein, and any pre and/or post judgment interest on all money awarded in damages for delay.

### COUNT III

### PHRA Violations

35. All prior paragraphs are incorporated herein as if set forth fully below.

36. This is an action arising under the provisions of the PHRA and this Court has and should exercise pendant jurisdiction over the same because the cause of action complained of in this Count III arises out of the same facts, events, and circumstances as Count II, and therefore judicial economy and fairness to the parties dictates that this Count be brought in the same Complaint.

37. By discriminating against Victoria on the basis of her disability, record of a disability, and/or perceived disability, Defendant violated Victoria's state rights under the PHRA, which prohibits such discrimination with respect to the continuation and tenure of employment.

38. As more fully set forth in Count II, Victoria has suffered, directly and solely as a result of Defendant's action, great pecuniary loss, damage, and harm and will continue to suffer the same for the indefinite future.

WHEREFORE, Plaintiff, Victoria Keck-Delapaz, respectfully prays that judgment be entered in her favor and against Defendant, Petco Animal Supplies, Inc., d/b/a Petco, for all of the relief sough in Counts II, supra, and such other and

further relief provided by the PHRA, together with an award of attorneys' fees and costs of suit.

## DEMAND FOR JURY

Pursuant to Federal Rule of Civil Procedure 38(b) and otherwise, Plaintiff respectfully demands a trial by jury.

Respectfully submitted,

McCarthy Weisberg Cummings, P.C.

| | |
|---|---|
| Oct. 27, 2017 | s/ Steve t. Mahan |
| Date | Steve T. Mahan (PA 313550) |
| | smahan@mwcfirm.com |

Derrek W. Cummings (PA 83286)
dcummings@mwcfirm.com

Larry A. Weisberg (PA 83410)
lweisberg@mwcfirm.com

2041 Herr Street
Harrisburg, PA 17103-1624
(717) 238-5707
(717) 233-8133 (FAX)

*Counsel for Plaintiff*